UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-80611-CIV-KAM

JAMES D. SALLAH, ESQ., *et. al.,*

    Plaintiff,

vs.

NATIONAL STRATEGIC
CORPORATION, LLC, *et. al.*,
_____/

**OPINION AND ORDER**

This cause is before the Court upon the Motion to Dismiss for Lack of Personal Jurisdiction of Defendants National Strategic Corporation, LLC, RBS Investment Group, LLC, and S Management, LLC [DE 51], and Defendant Jerome Lahlou's Motion to Dismiss for Lack of Personal Jurisdiction [DE 84]. The motions are ripe for the Court's consideration. The Court has reviewed all papers submitted, the entire file, and is otherwise duly advised in the premises.

**Background Facts**

Plaintiff James D. Sallah is a Court-Appointed Receiver, charged to recover money that was allegedly transferred from JCS Enterprises, Inc. d/b/a JCS Enterprises Services, Inc. ("JCS"), T.B.T.I., Inc. ("TBTI"), My Gee Bo, Inc. ("Gee Bo"), JOLA Enterprise, Inc. ("JOLA"), and/or PSCS Holdings, LLC ("PSCS") (the "Receivership Entities") to Defendants and others pursuant to a Ponzi scheme. [Amended Complaint, DE 45].

The Amended Complaint alleges that National Strategic Corporation, LLC ("NSC") is an Ohio limited liability company [*Id.* at ¶13]; that RBS Investment Group, LLC ("RBS") is an

Ohio limited liability company [*Id*. at ¶14]; that S Management, LLC ("S Mgmt") is a Michigan limited liability company [*Id*. at ¶15]; and that Jerome Lahlou ("Lahlou") resides in Indianapolis, Indiana [*Id*. at ¶20].

## Positions of the Parties

Plaintiff alleges two bases for personal jurisdiction over the moving Defendants. He alleges that the Court has personal jurisdiction over the Defendants pursuant to 28 U.S.C. §§ 754 and 1692 [DE 45 at ¶35]. Alternatively, Plaintiff alleges that the Court has personal jurisdiction over Defendants pursuant to Florida's long-arm statute, Fla. Stat. §48.193(1)(a) [*Id*. at ¶36].

The moving Defendants ask that this case be dismissed as to them for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). They argue that Plaintiff does not have *in rem* jurisdiction over them under 28 U.S.C. §754. They state that Plaintiff failed to satisfy the requirement in Section 754 that within ten days after the entry of his order of appointment, the Receiver file copies of the complaint and the order of appointment in the district court for each district in which property is located. It is undisputed that the filings were made in each relevant jurisdiction by the Receiver. The moving Defendants argue, however, that these filings are a nullity, because the Receiver's attorney who made the relevant filings was not admitted to practice in Ohio, Michigan and Indiana. [DE 51, DE 84].

Plaintiff responds that it is absurd to think that 28 U.S.C. § 754 requires a receiver to hire local counsel within only 10 days of appointment in every jurisdiction in which property may be located. He further argues that local state rules provide for temporary acts by attorneys in situations such as this. [DE 69, DE 100]. Plaintiff notes that the Notices were mailed to the Clerks of the Courts in the relevant jurisdictions pursuant to the instructions received from those

Clerks; the Clerks accepted the Notices; and the Clerks stamped the Notices as filed in miscellaneous cases. [DE 69-1, DE 69-, DE 84-1 at 22-50]. The Notices indicated the Receiver's attorney's Florida Bar Number. [*Id.*].

In Reply, the moving Defendants argue that the state rules applicable to the temporary practice of law do not apply in Federal Court. [DE 75].

Defendants also argue that Plaintiff has not alleged sufficient facts against them to establish a *prima facie* case of personal jurisdiction under Florida's long-arm statute. [*Id.*]. For the reasons set forth below, the Court finds that it has personal jurisdiction over the moving Defendants pursuant to 28 U.S.C. §§ 754 and 1692. The Court will not, therefore, address the alternate arguments raised under the Florida long-arm statute.

## Legal Standard

It is a plaintiff's initial burden to establish a *prima facie* case of personal jurisdiction over a non-resident defendant in the complaint. The district court must accept the facts alleged in the complaint as true, to the extent they are not controverted by the defendant. If by defendant's non-conclusory affidavits or other competent evidence, defendant sustains the burden of challenging plaintiff's allegations in the complaint, the plaintiff must then substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof. When there is conflicting evidence, the district court must construe all reasonable inferences in favor of the plaintiff. *See Future Tech. Today, Inc., v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000).

## Discussion

Plaintiff satisfied his initial burden to establish a *prima facie* case of personal

jurisdiction over the non-resident Defendants when he alleged in the Amended Complaint: "In accordance with 28 U.S.C. §754, the Receiver filed a copy of the Complaint in the SEC case and a copy of the Amended Receivership Order or the Reappointment Order in the United States District Courts for the Districts where each Defendant resides within ten (10) days of the issuance of the respective orders, as applicable." [DE 45 at ¶6].

Defendants have failed to sustain their burden to challenge Plaintiff's allegations of personal jurisdiction over them. Defendants do not dispute that Plaintiff filed the required documents, rather, Defendants argue that these filings were a nullity because Plaintiff's attorney was not admitted to practice in the various district courts. There is, however, no requirement under 28 U.S.C. §754 that this filing be done by an attorney. This section states, in relevant part:

> Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

That the only mechanism the respective courts had for accepting these filings was to open a miscellaneous case does not mean that the Receiver had to hire a local attorney to make the filings. The Clerks of the respective district courts accepted the filings without requiring that they be made by a local attorney or an attorney who had been admitted *pro hac vice*. Nothing before the Court indicates that these filings have been revoked.

Having complied with 28 U.S.C. §754, this Court has personal jurisdiction over the moving Defendants. Although Defendants addressed this section as providing only *in rem* jurisdiction over the property at issue, and the language of this section specifically addresses

4

"complete jurisdiction and control of all such property with the right to take possession thereof," multiple courts have concluded that the interplay between Rule 4(k), 28 U.S.C. §754, and 28 U.S.C. §1692 provides *in personam* jurisdiction. *S.E.C. v. Bilzerian*, 378 F.3d 1100, 1104 (D.C.Cir. 2004)(and cases cited therein); *Newman v. William L. Gunlicks Irrevocable Trust*, 897 F. Supp. 2d 1270, 1274 (M.D. Fla. 2012); *Damian v. International Metals Trading & Investments, Ltd.,* 243 F. Supp. 3d 1308, 1313( S.D.Fla. 2017).

These cases note that Rule 4(k)(1) provides that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant: . . .(C) when authorized by a federal statute." 28 U.S.C. §1692 provides the required authorization when it states: "In proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district . . . ." To invoke §1692, there must be compliance with 28 U.S.C. §754. Once the requirements of §754 are met, the authorized service confers personal jurisdiction.

## Conclusion

The Court finds that the Receiver complied with 28 U.S.C. §754, enabling the Receiver to rely upon 28 U.S.C. §1692. Defendants having not raised any issues relative to service upon them, the Court finds that it has personal jurisdiction over the moving Defendants. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Dismiss for Lack of Personal Jurisdiction of Defendants National Strategic Corporation, LLC, RBS Investment Group, LLC, and S Management, LLC [**DE 51**] is **DENIED**, and Defendant Jerome Lahlou's Motion to

Dismiss for Lack of Personal Jurisdiction [**DE 84**] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of October, 2017.

                                                                KENNETH A. MARRA
                                                                 United States District Judge